UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GWENITA SIMS HARRIS                                         PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:11CV503TSL-MTP

OHIO NATIONAL LIFE
ASSURANCE CORPORATION                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Ohio National Life Assurance Corporation (Ohio National) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and a separate motion by Ohio National to exclude the testimony of plaintiff's expert Steven Hayne, M.D. Plaintiff Gwenita Sims Harris has responded in opposition to these motions. The court has considered the memoranda of authorities, together with attachments, submitted by the parties. While the court acknowledges that defendant has made a strong showing in support of its motion for summary judgment, the court is of the opinion that this case would be best resolved upon a full presentation of the facts in the context of trial setting, and therefore, the court will deny summary judgment at this time.

As to the motion to exclude Dr. Hayne's testimony, the court concludes that defendant's motion is well taken to the extent it seeks to preclude Dr. Hayne's testimony relating his opinion that the cause of Edward Harris's death is necessarily "undetermined"

since, owing to deficiencies in the death investigation by the police and coroner, the cause of death cannot be ruled a suicide or accident to a "reasonable medical certainty." Dr. Hayne has expressed his view that "reasonable medical certainty" is a "very high standard" that is "certainly above 90 or 95 or even 99 percent"; and thus in his view, even if the available evidence supports a finding by a preponderance of the evidence that the manner of death was suicide, the manner of death is "undetermined" unless there is a greater than 90 percent probability that the manner of death was suicide. In the court's opinion, Dr. Hayne's opinion on this point is immaterial and has substantial potential to confuse and mislead the jury since defendant has the burden only to prove by a preponderance of the evidence that the manner of Mr. Harris's death was suicide[1] and as it does not have the burden to prove that there is a greater than 90 percent probability that the manner of Mr. Harris's death was suicide.

---

[1] This is true whether Mississippi or South Carolina law applies. See Jefferson Standard Life Ins. Co. v. Jefcoats, 164 Miss. 659, 143 So. 842 (Miss. 1932) (in action on ordinary life insurance policy, burden of proof is on insurer "to establish, by a preponderance of the evidence, that the deceased came to his death by his own volition, or, in other words, that he was a suicide"); Owens v. Durham Life Ins. Co., 240 F. Supp. 294, 296 (E.D. S.C. 1965) (holding that "[t]he burden of proof rests upon the insurer to show, by the preponderance of the evidence, that the insured took his life by his own hand or act or that he violated the terms of the policy by self-destruction").

2

The motion to exclude will be granted to this extent. However, Dr. Hayne is qualified and will not be precluded from offering his opinion as to deficiencies in the death investigation by the coroner's office and police department, as the court is unable to conclude that such testimony is necessarily immaterial.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is denied, and the motion to exclude Dr. Hayne is granted in part and denied in part.

SO ORDERED this 6th day of September, 2012.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE